UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REXEL, INC., | Case No. 2:16-cv-00408-JAM-EFB |
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART COUNTERCLAIMANT'S MOTION FOR ATTORNEYS' FEES** |
| HUBZONE CORP., et al., | |
| Defendants. | |

Counterclaimant, American Contractors Indemnity Company ("ACIC") moves the Court to award $15,795.50 in attorney fees resulting from the granting of default judgment on its breach of contract claim. Mot., ECF No., 39. No opposition has been filed. For the reasons stated below, the Court GRANTS IN PART and DENIES IN PART ACIC's motion.[1]

///

///

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for June 18, 2019.

1

I.  OPINION

A.  Factual and Procedural Background

Plaintiff Rexel brought a complaint to recover under the Miller Act, 40 U.S.C. § 3133, in February 2016. Compl., ECF No. 1. ACIC filed its answer and cross-claim in August 2016, asserting that the Court has supplemental subject matter jurisdiction over its pendent state law claims. Answer, ECF No. 9; see also Am. Cross-Claim, ECF No. 18. ACIC sought default judgment against cross-defendants Hubzone Corporation, Charmiane Burnett, and Larry Deon Lofton in June 2018. ECF No. 24. The Court adopted the Magistrate Judge's findings and recommendations, ECF No. 30, on March 29, 2019 and awarded ACIC damages of $528,574.44 and prejudgment interest. Default Order, ECF No. 34. The Court directed the Clerk "to enter judgment in ACIC's favor and against Hubzone, Charmiane Burnett, and Larry Lofton on ACIC's breach of contract claim." Id. at 2. A day earlier, the Plaintiff and ACIC stipulated to dismiss the case with prejudice. Dismissal Order, ECF No. 33. On April 11, 2019, ACIC moved to stay proceedings against Charmaine Burnett due to an automatic stay caused by a filing in another court. Notice Stay, ECF No. 36. ACIC timely moved for an award of attorney's fees under state law on April 19, 2019. See Mot.

B.  Legal Standard

Generally, parties bear their own attorneys' fees, absent contractual or statutory authorization. Sheet Metal Workers' Int'l Ass'n Local Union No. 359 v. Madison Indus., Inc. of Arizona, 84 F.3d 1186, 1192 (9th Cir. 1996). While Federal Rule of Civil Procedure 54(d)(2) sets the procedure for claiming attorney's fees,

there must be an independent source of authority for an attorney fee award. See MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co., 197 F.3d 1276, 1281 (9th Cir. 1999).

District courts follow the forum state's law for awarding attorney fees when exercising their subject matter jurisdiction over supplemental state-law claims. See id. Although California law ordinarily does not allow for recovery of attorneys' fees, Farmers Ins. Exch. v. Law Offices of Conrado Joe Sayas, Jr., 250 F.3d 1234, 1237 (9th Cir. 2001), there are exceptions. One exception occurs in an action to enforce the liability on a bond. Cal. Civ. Code § 9564.

C. Discussion

1. Section 9564 Requires an Attorney Fee Award to ACIC

ACIC asserts that it is entitled to an award of attorney's fees as the prevailing party in this case. See Mot. "In an action to enforce the liability on the bond," California Civil Code mandates that the Court award the prevailing party a reasonable attorney's fee. Cal. Civ. Code § 9564. The section does not define "prevailing party," so the Court looks to how California courts interpret the term. California courts have found that a party has prevailed in this context where it receives a final judgment that provides all the relief that the party requested. Winick Corp. v. Safeco Ins. Co., 232 Cal. Rptr. 479, 482 (Ct. App. 1986) (interpreting "prevailing party" as to Cal. Civ. Code § 3250, which was repealed in 2010 and reinstated in 2012 as Cal. Civ. Code § 9564).

Here, Plaintiff Rexel, Inc. brought a single claim under the Miller Act against defendants Hubzone and ACIC. See Compl. ACIC

answered and filed five cross-claims against Hubzone; its president, Charmaine Burnett; and its secretary, Larry Lofton. See Answer. The Court granted ACIC's Motion for Default Judgment, in which ACIC prevailed on its breach of contract claim against Hubzone, Burnett, and Lofton and was awarded damages. See Default Order. Thus, under the prevailing legal standards, ACIC can be considered the prevailing party in its cross-claims against Hubzone, Burnett, and Lofton.

Accordingly, the Court finds that the provisions of Section 9564 are satisfied. ACIC is the prevailing party against Hubzone, Burnett, and Lofton in an action to enforce the liability on the bond. The Court next determines what constitutes a reasonable attorney fee in this case.

### 2. An Award of $14,952.00 Is Reasonable

ACIC contends that an award of $15,795.50 is reasonable for the fees incurred in the instant case. See Mot. The Court utilizes its discretion to determine what constitutes reasonable attorney fees under California law. PLCM Grp. v. Drexler, 997 P.2d 511, 519 (2000), as modified (Cal. 2000).

Attorney fee awards are computed in a two-step process. First, the Court calculates the "lodestar": the "the number of hours reasonably expended multiplied by the reasonable hourly rate." Ctr. for Biological Diversity v. Cty. of San Bernardino, Cal. Rptr. 3d 762, 772 (Ct. App. 2010), as modified (Oct. 18, 2010). "Generally, the reasonable hourly rate used for the lodestar calculation is that prevailing in the community for similar work." Id. (internal quotation marks omitted).

In the second step, the Court may increase or reduce the

lodestar calculation amount based on factors such as "the novelty and difficulty of the issues, the attorneys' skill in presenting the issues, the extent to which the case precluded the attorneys from accepting other work, and the contingent nature of the work." Id. at 772–73. "The purpose of such adjustment is to fix a fee at the fair market value for the particular action." Ketchum v. Moses, 17 P.3d 735, 741 (Cal. 2001). The party seeking attorney fees bears the burden of proving that its requested fees are reasonable. Ctr. for Biological Diversity, 115 Cal. Rptr. 3d at 772.

          a. Reasonable Hourly Rates

As to hourly rates, ACIC has requested the following: (1) Francis J. Lanak, an attorney with over 45 years of experience, at $350 per hour; (2) Tracy A. Stevenson, an attorney with more than 26 years of experience, at $310 per hour; (3) Colin K. McCarthy, an attorney with over 15 years of experience, at $310 to $325 per hour; (4) Kelly C. Sloan, an attorney with four years of experience, at $220 per hour; and (5) paralegals at $150 to $190 per hour.

"The relevant 'community' is that where the court is located." Altavion, Inc. v. Konica Minolta Sys. Lab., Inc., 171 Cal. Rptr. 3d 714, 751 (Ct. App. 2014). ACIC has billed for attorneys' and paralegals' time at a rate charged in Orange County, rather than that charged within Sacramento. Nevertheless, for most of ACIC's attorneys, its requested rate is within the range of prevailing rates in Sacramento. See TCF Inventory Fin., Inc. v. Marker Oil Co., Inc., No. 2:17-CV-1768-JAM-DB, 2018 WL 3615862, at *1 (E.D. Cal. July 26, 2018) (finding that rates of $365 to $385 for

partners were reasonable). For ACIC's paralegals and junior associate, however, the rate sought exceeds that awarded in Sacramento. See id. (finding paralegal rates to be between $75 and $100 per hour); Early v. Keystone Rest. Grp., LLC, No. 2:16-CV-00740-JAM-DB, 2019 WL 918211, at *6 (E.D. Cal. Feb. 25, 2019) (awarding $175 per hour for an attorney with one to four years of experience).

Accordingly, the Court will apply the following hourly rates to its attorneys fees' award: (1) Lanak, $350 per hour; (2) Stevenson, $310 per hour; (3) McCarthy, $310 to $325 per hour; (4) Sloan, $200 per hour; and (5) paralegals at $100 per hour.

### b. Hours Reasonably Billed

In the present case, ACIC filed (1) an Answer and Cross-Claim, (2) a First Amended Cross-Claim, (3) a Motion for Default Judgment, (4) Notices of Stay and Entry of Judgment, and (5) a Motion for Attorney Fees. None of ACIC's filings were opposed.

The Court has completed a thorough review of the billing entries attached to Tracy Stevenson's Declaration, ECF No. 39-2, and finds that all of the hours billed were reasonably expended in furtherance of the case. The Court will not reduce the number of hours billed by ACIC's counsel and paralegals.

///
///
///
///
///
///
///

The Court's findings of the lodestar amount in this case is determined as follows:

| Attorney | Rate Requested | Rate Awarded | Hours Awarded | Total Awarded |
|---|---|---|---|---|
| Lanak | $350/hour | $350/hour | 0.1 | $35.00 |
| Stevenson | $310/hour | $310/hour | 33.3 | $10,323.00 |
| McCarthy | $310/hour to $325/hour | $310/hour to $325/hour | 5.9 | $1,844.00 |
| Sloan | $220/hour | $200/hour | 7.8 | $1,560.00 |
| Paralegals | $150/hour to $190/hour | $100/hour | 11.9 | $1,190.00 |
|  |  |  | **Total Fees** | $14,952.00 |

No upwards or downwards adjustment of the above amount is necessary. This case did not present any novel or difficult issues, so the lodestar value represents the fair market value of this particular action. See Ketchum, 17 P.3d at 741. The Court finds that ACIC has demonstrated that $14,952.00 is the reasonable attorneys fee to which ACIC is entitled under California Civil Code § 9564.

## II. ORDER

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART ACIC's Motion for Attorneys' Fees and AWARDS ACIC $14,952.00 in attorneys' fees.

IT IS SO ORDERED.

Dated: July 8, 2019

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

7